## Case No. 8,573.

### In re LOWENSTEIN.

[3 Dill. 145; [1] 13 N. B. R. 479; 3 Cent. Law J. 82; 33 Leg. Int. 360.]

Circuit Court, E. D. Missouri. Jan 21, 1876.[2]

DISCHARGE OF BANKRUPT — TIME OF APPLICATION — SECTIONS 29 AND 33 OF THE BANKRUPT ACT CONSTRUED.

Under section 29 of the bankrupt act [of 1867 (14 Stat. 531)], where the limitation of time operated as a bar to the bankrupt's right to a discharge at and prior to the amendatory act of June 22, 1874 [18 Stat. 178], the ninth section of that act does not remove this bar.

[In review of the action of the district court of the United States for the Eastern district of Missouri.]

Lowenstein, who applied for a discharge in bankruptcy, was, on his own petition, adjudicated a bankrupt April 29, 1872. Debts

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
2 [Affirming Case No. 8,576.]

were proved against his estate, but no assets ever came to the hands of the assignee. His application for a discharge was not made until September 23, 1874. The only reason given for the delay in making the application for the discharge is that the bankrupt has never been able, although he has diligently tried to do so, to procure the assent in writing of a majority in number and value of his creditors, as was required by the law existing up to June 22, 1874. On the hearing in the United States district court, November 30, 1874, the bankrupt filed the written assent of more than one-fourth in number and one-third in value of the creditors who had proved their claims upon which he was liable as principal debtor, contracted since January 1, 1869. The discharge was opposed by the creditors, and the petition of the bankrupt therefor was denied by the district court, solely on the ground that it was made too late. From the order dismissing the petition for discharge [Case No. 8,576], the defendant brings the case here for review.

N. Myers, for bankrupt.
J. P. Colby, contra.

DILLON, Circuit Judge. Here no assets came to the hands of the assignee, and in such cases the provision of the bankrupt act (section 29) is, that the bankrupt may apply for his discharge "at any time after the expiration of sixty days from the adjudication of bankruptcy, and within one year from such adjudication." Where there are assets, and debts are proved, the application can not be made until after six months; and in such cases there is no provision limiting the application to one year, or any other specified time.

Admitting that, in cases like the present, the delay to apply within the year may be excused,—In re Donaldson [Case No. 3,982]; In re Canady [Id. 2,377]; In re Vorbeck [Id. 17,002]; In re Pierson [Id. 11,153],—still the excuse here offered is no excuse whatever. The year expired April 26, 1873. The petition for a discharge was not filed until September, 1874. The bankrupt says he did not apply before the act of June 22d went into effect, because a majority of his creditors would not consent to his discharge. This did not prevent filing his petition within the year.

The law reducing the number of creditors whose assent was required, did not pass until January 22, 1874, more than a year after the latest time when the petition should have been filed. Section 9 of this act does not apply to ordinary cases, open and pending when it took effect,—In re King [Case No. 7,781]; In re Griffiths [Id. 5,825],—and if the only obstacle to the discharge here sought was the non-assent of a majority of the creditors, as previously required, the bankrupt would—it may be admitted—be entitled to his discharge on complying with the easier requirements, in this regard, of the amend-

atory act. But the other obstacle in the way of his discharge is the limitation of time contained in section 29, and this limitation remains in full force, unaffected by the ninth section of the amendatory act of June 22, 1874, which does not undertake to repeal or modify it. Affirmed.